IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY E. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 06-77 Erie |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

I

In this civil action, Plaintiff, Tracy E. Russell, sought
judicial review of a decision of Defendant, Commissioner of
Social Security ("the Commissioner"), denying her applications
for Social Security disability benefits under Titles II and XVI
of the Social Security Act, 42 U.S.C. §§ 401-433 and §§ 1381-
1383f. The parties filed cross-motions for summary judgment
pursuant to Fed.R.Civ.P. 56, and, by Memorandum and Order dated
June 19, 2007, Plaintiff's motion for summary judgment was
granted and the Commissioner's decision denying Plaintiff's
applications for Social Security disability benefits was
reversed. Presently before the Court is Plaintiff's motion for
an award of attorney's fees under the Equal Access to Justice Act
("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, the
motion will be granted; however, the amount of requested
attorney's fees will be reduced.

1

II

Under EAJA, a party prevailing against the United States in court, including a successful claimant for Social Security disability benefits, is entitled to an award of reasonable attorney's fees payable by the United States if the Government's position in the litigation was not "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). EAJA is a waiver of the general rule of sovereign immunity and must be strictly construed. See, e.g., National Truck Equipment Ass'n v. National Highway Traffic Safety Admin., 972 F.2d 669 (6th Cir.1992); Estate of Smith v. O'Halloran, 930 F.2d 1496 (10th Cir.1991); In re Perry, 882 F.2d 534 (1st Cir.1989); Fenton v. Federal Ins. Adm'r, 633 F.2d 1119 (5th Cir.1981).

In Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir.1987), the United States Court of Appeals for the Third Circuit urged district courts to scrutinize claimed hours in a fee petition with care. Id. at 379. "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*.'" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), citing, Copeland v. Marshall, 641 F.2d 880, 891 (D.C.Cir.1980)(en banc)(emphasis in original). The district court should exclude from a fee calculation hours that were not "reasonably expended." Id.

2

III

With the present motion for an award of attorney's fees under EAJA, Plaintiff's counsel submitted an itemized statement of the services provided to Plaintiff in this litigation.  The itemized statement reflects attorney's fees totaling $5,981.25, which was calculated by multiplying 41.25 (the number of hours expended by Plaintiff's counsel in connection with this litigation) by $145.00 (the hourly rate permitted by EAJA after adjustment for inflation based on the Consumer Price Index).[1] The Commissioner does not challenge Plaintiff's entitlement to an award of attorney's fees under EAJA.  The Commissioner does, however, object to the amount of attorney's fees requested, contending that (a) some of the tasks included in the itemized statement of the services performed by Plaintiff's counsel in this case are clerical in nature, and, therefore, not recoverable as attorney's fees under EAJA, and (b) the amount of time expended by Plaintiff's counsel on some of the legal work in this case is excessive and unreasonable.

---

[1]Plaintiff's counsel also submitted an affidavit in support of the EAJA fee petition which, in summary, states that he has been a practicing attorney since October 1990; that he has been engaged in the private practice of law since July 1996; that he has represented numerous Social Security disability claimants at all levels of review; and that he has represented Plaintiff in this case since May 2001.

3

IV

i

Turning to the first objection to the amount of attorney's
fees sought by Plaintiff under EAJA, as noted by the
Commissioner, the itemized statement of billable hours submitted
by Plaintiff's counsel includes time expended on purely clerical
or secretarial tasks which are not compensable under EAJA.[2]
Specifically, the itemized statement includes (1) a billing entry
of 1 hour for March 27, 2006 to electronically file Plaintiff's
motion for leave to proceed in forma pauperis, (2) billing
entries totaling .75 hour for June 14, 2006, June 16, 2006 and
June 18, 2006 which apparently relate to the review and filing of
the return receipts executed by representatives of the United
States Attorney General, the United States Attorneys Office for
the Western District of Pennsylvania and the Office of General
Counsel for the Social Security Administration in connection with

---

[2]See Knudsen v. Barnhart, 360 F.Supp.2d 963, 977 (N.D.Iowa
2004)(Tasks of filing, serving summons, calendaring, and
receiving and retrieving documents were administrative tasks,
and, therefore, could not be billed as 1.75 hours of paralegal
time in Social Security claimant's motion for attorney's fees
under EAJA; tasks were clerical in nature and considered overhead
costs); Bielec v. Bowen, 675 F.Supp. 200, 204 (D.N.J.1987)(Work
that could have been done by support staff is not eligible for
compensation as counsel fees under EAJA); Debose v. Apfel, 2000
WL 298927, *3 (E.D.Pa., March 15, 2000)(Social Security
disability claimant was not entitled to attorney's fees under
EAJA for counsel's performance of clerical task of personally
filing pleadings in the district court).

Plaintiff's service of the complaint and summons in this case,[3] and (3) billing entries totaling 5 hours for September 18, 2006 and October 2, 2006 to draft a motion for extension of time, complete Plaintiff's brief in support of summary judgment **and** electronically file those documents.[4]   In addition, although not mentioned by the Commissioner, the billing entry of .75 hour for March 28, 2006 includes time to electronically file the complaint and summons in this case, and the billing entry of .25 hour for July 27, 2006 relates solely to the electronic filing of Plaintiff's proof of service of the complaint and summons.

With respect to the billing entry for March 27, 2006, the 1 hour to electronically file Plaintiff's motion for leave to proceed in forma pauperis will be deducted from the number of

---

[3]These billing entries are vague.  They merely state:

\*   \*   \*

| 6/14/2006 | Return Receipt US Attorney General | 0.25 |
| 6/16/2006 | Return Receipt Office General Counsel | 0.25 |
| 6/18/2006 | Return Receipt US Attorney | 0.25 |

\*   \*   \*

(Document No. 21-3).

[4]The billing entry for September 18, 2006 is for .5 hour and is described as follows: "Draft & file motion for extention (sic) of time."  The billing entry for October 2, 2006 is for 4.5 hours and is described as follows: "Finish brief, motion for Summary Judgement, order, and electronic filing."  The entries do not differentiate between the time expended on legal work and the time expended to electronically file documents.

5

hours for which Plaintiff will be awarded attorney's fees under
EAJA because the entire entry relates to a purely clerical task.[5]

Regarding the three billing entries of .25 hour each for
June 14, 2006, June 16, 2006 and June 18, 2006 which apparently
relate to reviewing and filing the return receipts executed in
connection with the service of the complaint and summons in this
case, the activities involve clerical, rather than legal, work.
Therefore, the time expended on these activities will be deducted
from the attorney's fees awarded to Plaintiff under EAJA.[6]

Turning to the single billing entry of .5 hour for September
18, 2006, which includes time expended by counsel to draft a
motion for extension of time to file Plaintiff's motion for
summary judgment and supporting brief, as well as time expended
by counsel to file the motion for extension of time (a purely
clerical task), the entire .5 hour will be deducted from the
number of hours for which Plaintiff will be awarded attorney's
fees (rather than a portion of the .5 hour due to the inclusion
of purely clerical work). A review of the motion for extension

---

[5]Assuming, arguendo, that the billing entry of 1 hour for
March 27, 2006 to electronically file Plaintiff's motion for
leave to proceed in forma pauperis was recoverable as attorney's
fees under EAJA, the Court nevertheless would reduce the award of
attorney's fees for this task considerably in light of the fact
the motion consists of 2 pages.

[6]In addition, the Court notes that .25 hour to review a
single signature on a return receipt and place it in the case
file is excessive and unreasonable.

6

of time shows that the extension was necessitated by the failure
of Plaintiff's counsel to file his motion for summary judgment
and supporting brief in a timely manner,[7] despite a billing entry
of .25 hour on August 10, 2006 to review the Court's briefing
order.[8]  Because the motion for extension of time resulted solely
from conduct attributable to Plaintiff's counsel, the Court
concludes that it would be unjust to award attorney's fees
against the Government under EAJA for any time expended by
Plaintiff's counsel in connection with the motion for extension
of time.  Accordingly, in addition to the billing entry of .5
hour for September 18, 2006, the billing entry of .25 hour for
September 21, 2006 also will be excluded from the attorney's fees
awarded to Plaintiff under EAJA because the entry relates to

---

[7]In the Court's briefing order, which was filed on August
10, 2006, Plaintiff was directed to serve and file a motion for
summary judgment and supporting brief by September 7, 2006.
However, Plaintiff failed to do so.  In the motion for extension
of time filed on September 18, 2006, Plaintiff's counsel
indicated that he was unaware of the missed deadline until he was
advised by the United States Attorney's Office on September 18,
2006 that Plaintiff's motion for summary judgment and supporting
brief was due on September 7, 2006.

[8]With regard to the August 10, 2006 billing entry of .25
hour to review the Court's briefing order, as discussed infra,
the purported time expended by counsel on this activity is
excessive and unreasonable in light of the fact the briefing
order consists of 6 sentences.

counsel's review of the Court's order granting Plaintiff's motion for extension of time.[9]

As to the single billing entry of 4.5 hours for October 2, 2006, which includes time expended by Plaintiff's counsel to complete Plaintiff's motion for summary judgment, supporting brief and proposed order, as well as time expended by counsel to file those documents, 1 hour will be deducted from the attorney's fees awarded to Plaintiff under EAJA to account for the purely clerical task of filing that is included in this billing entry.[10]

As to the billing entry of .75 hour for March 28, 2006, this entry includes time to review the Court's order granting Plaintiff's motion for leave to proceed in forma pauperis, as well as time to file the complaint and summons in this case. The entire .75 hour will be deducted from the time for which Plaintiff will be awarded attorney's fees because Plaintiff is not entitled to an award of attorney's fees under EAJA for the purely clerical task of filing documents and the Court order that

---

[9]With respect to the request for reimbursement of the time expended by counsel to review the Court's September 21, 2006 order granting Plaintiff's motion for extension of time, as discussed infra, the Court also notes that the requested time is excessive and unreasonable. Despite the fact that the order consists of 3 sentences, attorney's fees for .25 hour are requested to review the order.

[10]Although the Commissioner requested the exclusion of 2 hours from the single billing entry for October 2, 2006 to account for counsel's inclusion of clerical work in the entry, the Court believes that 1 hour is more appropriate.

8

is the subject of this entry is a one-sentence order signed by
Judge Cohill.  Thus, as discussed infra, the time expended by
Plaintiff's counsel to review the order will be included in the
time allowed for counsel's review of various Court orders in this
case.

Finally, because the billing entry for July 27, 2006 to
electronically file Plaintiff's proof of service of the complaint
and summons involves a purely clerical task, the .25 hour will be
deducted from the attorney's fees awarded to Plaintiff under
EAJA.

ii

Next, the Commissioner objects to the amount of time billed
by Plaintiff's counsel to complete a motion for leave to proceed
in forma pauperis, to draft the complaint and summons and to
serve the complaint and summons on the United States Attorney
General, the United States Attorneys Office for the Western
District of Pennsylvania and the Office of General Counsel for
the Social Security Administration, which are set forth in the
billing entries for February 1, 2006, March 26, 2006 and June 9,
2006.  Specifically, Plaintiff's counsel billed (a) .5 hour on
February 1, 2006 to complete Plaintiff's motion for leave to
proceed in forma pauperis; (b) 1.25 hours on March 26, 2006 to
draft the complaint and summons; and (c) 1 hour on June 9, 2006
to draft and serve the complaint and summons.  The Commissioner

9

suggests that an award of attorney's fees for 1 hour of legal
work is appropriate for these activities, rather than 2.75 hours,
and the Court agrees.

As noted by the Commissioner, the motion for leave to
proceed in forma pauperis is a standard, two-page form which
merely requires counsel to provide information concerning the
Plaintiff's employment status, income, assets, debts and
dependents, which, in this case, was very limited.  Similarly,
the two-page complaint filed in this case is a standard Social
Security appeal complaint in which the only items requiring input
are the claimant's name, address and Social Security number, and
the date on which the Appeals Council denied a request for review
of the ALJ's decision.  Finally, although not mentioned by the
Commissioner, the Court notes that attorney's fees are not
recoverable under EAJA for service of a complaint and summons.

iii

Next, the Commissioner objects to the 2.25 hours billed by
Plaintiff's counsel for June 20, 2006, June 21, 2006, June 27,
2006, August 10, 2006, September 21, 2006, October 3, 2006 and
June 20, 2007 to review various Court orders and a quality
control message on the electronic docket in this case, suggesting
that 1 hour of attorney's fees should be awarded for this legal
work.  After consideration, the Court concludes that the
Commissioner's objection in this regard is well-founded and 1.25

10

hours will be deducted from the number of hours of attorney's fees awarded to Plaintiff for the legal work performed on these dates.

A review of the docket in this case reveals that the billing entries of .25 hour for June 20, 2006, June 21, 2006 and June 27, 2006 to review Court orders relate to the re-assignment of this case from the Honorable Maurice B. Cohill to this member of the Court on June 20, 2006, re-assignment of the case back to Judge Cohill on June 21, 2006, and re-assignment of the case back to this member of the Court on June 27, 2006. Each order is identical and consists of one sentence. Accordingly, .75 hour to review the three orders is excessive and unreasonable.

Turning to the billing entry of .25 hour for August 10, 2006 to review the Court's order setting forth the briefing schedule for summary judgment, as noted in footnote 7, the order is a standard order consisting of 6 sentences. Thus, .25 hour to review the order is excessive and unreasonable.

The billing entry of .25 hour for September 21, 2006 to review the Court's order granting Plaintiff's motion for extension of time to file a motion for summary judgment and supporting brief was addressed earlier in this opinion. To reiterate, because the motion for extension of time arose solely from the failure of Plaintiff's counsel to file a motion for summary judgment and supporting brief in a timely manner, the

Court declines to award attorney's fees against the Commissioner
under EAJA for any legal work related to the motion for extension
of time.[11]

Regarding the billing entry of .25 hour for October 3, 2006
to review the quality control message on the electronic docket in
this case, the Court declines to award attorney's fees against
the Commissioner under EAJA for this activity because the quality
control message from the Clerk's office was necessitated by the
failure of Plaintiff's counsel to set forth the caption of this
case on the first page of the brief filed in support of
Plaintiff's motion for summary judgment.[12]

With respect to the billing entry of .75 hour to review a
Court order on June 20, 2007, a review of the docket reveals that
this entry relates to the Memorandum Opinion and Order filed by
the Court on June 19, 2007.  Because the Memorandum Opinion was
41 pages in length, the Court cannot conclude that .75 hour to
review the opinion and accompanying order is excessive and
unreasonable.

_____

[11]In any event, as noted in footnote 8, the Court's order
granting Plaintiff's motion for extension of time consists of 3
sentences.  Therefore, .25 hour to review the order is excessive
and unreasonable.

[12]In this connection, the Court also notes that the time
billed to review the message is excessive and unreasonable in
light of the fact the message consists of 5 lines.

12

Finally, although not mentioned by the Commissioner, the billing entry of .75 hour for March 28, 2006 includes time to review the Court's order granting Plaintiff's motion for leave to proceed in forma pauperis, which was signed by Judge Cohill. A review of that order reveals that it consists of 1 sentence. Under the circumstances, even the lowest increment utilized by Plaintiff's counsel to record his billable hours, or .25 hour, is excessive and unreasonable.

In sum, Plaintiff will be awarded 1 hour of attorney's fees for counsel's review of the Court orders reflected in the billing entries for March 28, 2006, June 20, 2006, June 21, 2006, June 27, 2006 and August 10, 2006 and review of the Court's Memorandum Opinion and Order reflected in the billing entry for June 20, 2007.

iv

Lastly, the Commissioner objects to the total of 26.5 hours billed by Plaintiff's counsel on September 25, 2006, September 26, 2006, September 28, 2006, September 29, 2006, September 30, 2006 and October 2, 2006 to review the administrative record in this case, conduct legal research and draft Plaintiff's brief in support of summary judgment.[13]  The Commissioner suggests that 20

---

[13]In fact, the total time billed for these dates is 27.5 hours.  However, the Commissioner deducted 1 hour from the billing entry of 4.5 hours for October 2, 2006 because the entry included time to electronically file Plaintiff's motion for

13

hours to perform this legal work is appropriate because the case involved "routine disability law issues" and counsel's affidavit indicates that he has 17 years of legal experience. In support of this objection, the Commissioner cites Silva v. Bowen, 658 F.Supp. 72 (E.D.Pa.1987), a Social Security case in which the district court reduced the number of compensable hours of the claimant's counsel for reviewing the administrative record, conducting legal research and drafting a brief in support of summary judgment under EAJA from 42 hours to 17 hours.  In reducing the number of counsel's compensable hours in Silva, the district court noted that the administrative record in the case was "relatively brief;" that the case was not particularly complex and did not raise novel issues; and that the task of drafting, reviewing and rewriting the claimant's brief in support of summary judgment could have been comfortably completed in 8 hours, rather than 20 hours.  Id. at 73.

After careful consideration, the Court declines to sustain this objection of the Commissioner.  Unlike the case presented to the district court in Silva, the administrative record in this case was not "relatively brief," consisting of 377 pages. Moreover, Plaintiff's summary judgment brief was 20 single-spaced pages in length and raised multiple arguments.  Finally, unlike

---

summary judgment and supporting brief, which the Court agrees is appropriate.

14

the claimant in <u>Silva</u> who sought attorney's fees for 42 hours to review the administrative record, conduct legal research and draft a brief in support of summary judgment, Plaintiff in this case seeks attorney's fees for only 26.5 hours.   In sum, the Court cannot conclude based on the particular facts of this case that the number of hours billed by Plaintiff's counsel to perform these legals tasks is excessive and unreasonable.

v

Based on the foregoing, Plaintiff will be awarded attorney's fees under EAJA for 33.75 hours of legal work at an hourly rate of \$145.00 for a total of \$4,893.75.

William L. Standish
United States District Judge

Date: September 11, 2007

15